UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY C. LEWIS,<br><br>                        Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                        Defendant. | No. 09-cv-078-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 23, 26.) Attorney Donald C. Bell represents plaintiff; Special Assistant United States Attorney Gerald J. Hill represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and briefs filed by the parties, the court GRANTS defendant's Motion for Summary Judgment and DENIES plaintiff's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff Timothy C. Lewis (plaintiff) protectively filed for supplemental security income (SSI) and disability insurance benefits on December 16, 2005. (Tr. 74, 77, 208.) Plaintiff alleged an onset date of August 30, 2004. (Tr. 74, 208.) Benefits were denied initially and on reconsideration. (Tr. 46, 50, 202.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ R.J. Payne on July 19, 2006. (Tr. 448.) The ALJ issued an unfavorable decision on July 10, 2008. (Tr. 448-55.) The Appeals Council denied review. (Tr. 279.) Plaintiff filed a claim with the U.S. District Court and on May 26, 2009, this court entered an order directing remand because the hearing record could not be located. (ECF No. 11, Tr. 288-89.) A second hearing was held before ALJ Payne on November 17, 2010. (Tr. 498-542.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 510-36.) Medical expert Anthony E. Francis and plaintiff's mother, Shirley Lewis, also testified. (Tr. 500-09, 537-41.) The ALJ denied benefits on December 2, 2010 (Tr. 29-39) and the Appeals Council denied review. (Tr. 9.) The matter is again before this court pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was born on June 29, 1970 and was 40 years old at the time of the hearing. (Tr. 512.) He went to school through the tenth grade. (Tr. 512.) He has wildland firefighting credentials. (Tr. 512.) He was employed as a firefighter for 21 years. (Tr. 513-14.) He also has work experience in lift operations at a ski hill and has done some logging. (Tr. 513.) He stopped firefighting due to the physical demands of the job. (Tr. 514.) Plaintiff testified he has problems with his neck and lower back. (Tr. 516.) Whenever he lifts more than 10 pounds, his back gets inflamed and he is laid up for three days. (Tr. 518.) He also has some pain in his chest due to a mass in his lung. (Tr. 416, 516.) He has tingling in his left arm because of a past broken shoulder. (Tr. 519.) He has had reconstructive surgery on his right knee. (Tr. 520.) He testified that he has difficulty with vision in his left eye, although he has no restrictions on his driver's license. (Tr. 521-22.) He suffers from chronic pain. (Tr. 523.) He takes pain medication although it does not relieve the pain. (Tr. 523.) When the pain is bad he has problems focusing. (Tr. 532.) He also takes medication for anxiety. (Tr. 525.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the

evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. Richardson, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since August 30, 2004, the alleged onset date. (Tr. 31.) At step two, the ALJ found plaintiff has the following severe impairments: neck pain, low back pain, chest wall pain, tobacco dependence, and lung mass and/or possible neurofibroma. (Tr. 31.) At step

three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 33.) The ALJ then determined:

> [C]laimant has the residual functional capacity to perform sedentary to light work as defined in 20 CFR 404.1567(b) and 416.967(b) except climbing ramps, stairs, ladders, rope and scaffolds are limited to occasional. Furthermore, stooping, kneeling, crouching and crawling are limited to occasional. There are no manipulative, visual, communicative or environmental limitations established by the evidence.

(Tr. 33) (footnote omitted). At step four, the ALJ found plaintiff is unable to perform any past relevant work. (Tr. 37.) After considering plaintiff's age, education, work experience, residual functional capacity and the medical-vocational guidelines at 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ found there are jobs that exist in significant numbers in the national economy that the plaintiff can perform. (Tr. 38.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act from August 30, 2004 through the date of the decision. (Tr. 38.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ: (1) did not properly weigh the medical source opinions; (2) improperly relied on the GRIDs; (3) failed to provide legally sufficient reasons for rejecting plaintiff's pain testimony; and (4) improperly rejected the testimony of plaintiff's mother. (ECF No. 24 at 13-20.) Defendant argues the ALJ: (1) provided legally sufficient reasons for rejecting plaintiff's subjective complaints; (2) the ALJ properly considered medical source opinions in establishing the RFC; (3) the ALJ provided germane reasons for rejecting the testimony of plaintiff's mother; and (4) the ALJ properly relied on the medical-vocational guidelines at step five. (ECF No. 26 at 5-25.)

## DISCUSSION

**1.     Credibility**

Plaintiff argues the ALJ did not properly credit plaintiff's testimony about pain. (ECF No. 24 at 16-18.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms,

and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

The ALJ found plaintiff's medically determinable impairments could reasonably be expected to cause plaintiff's alleged symptoms, but plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms are not credible to the extent inconsistent with the RFC finding. (Tr. 35.) The ALJ cited a number of reasons for rejecting plaintiff's testimony regarding his pain and limitations.

First, the ALJ pointed out plaintiff's pain complaints were controlled with medication. (Tr. 34-35.) The type, dosage, effectiveness and side effects of medication taken to alleviate pain or other symptoms as well as the medical treatment received to relieve pain or other symptoms are relevant factors in evaluating the intensity and persistence of symptoms. 20 C.F.R. §§ 416.929(c)(3)(iv) and 416.929.(c)(3)(v). Impairments that can be controlled effectively with medication are not disabling. *Warre v. Commissioner of Social Sec. Admin.* 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ pointed out medical records reveal medications have been relatively effective in controlling plaintiff' symptoms. (Tr. 34.) For example, Dr. Yelland noted, "He has just gotten a refill on his hydrocodone which is managing his pain adequately." (Tr. 174.) The ALJ also pointed out plaintiff first testified medication "does not relieve the pain at all" (Tr. 523) but changed his testimony when asked why he takes medication if it does not help. (Tr. 34.) Plaintiff then testified "it takes, you know, the edge off a little bit." (Tr. 524.) He also testified to the pain is "triple" without medications and he experiences adverse side effects of "flu like symptoms." (Tr. 34-35, 525-26.) However, the record reflect no complaints to medical providers about side effects from any medication. (Tr. 35.) The ALJ reasonably concluded the evidence and inconsistencies regarding the effectiveness of medication suggest reduced credibility. This is a clear and convincing reason supported by substantial evidence justifying the negative credibility findings.

Second, the ALJ found there is little objective medical evidence supporting plaintiff's subjective allegations. (Tr. 34.) While subjective pain testimony may not be rejected solely because it is not corroborated by objective medical findings, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); 20 C.F.R. § 416.929(c)(2). The ALJ noted a 2006 MRI of plaintiff's spine showed mild to moderate disc protrusion at L5-S1 with suggestion of an annular tear on the S1 nerve root, but it was specifically noted to be mild by the radiologist. (Tr. 32, 164, 174, 185-86.) Imaging results showed only mild degenerative disc disease of the back and none of the neck. (Tr. 32, 164.) Plaintiff's treating provider, Lee Canwell, PAC, stated a bulging disc at L5-S1 was not significant enough to cause neurologic impingement. (Tr. 32, 436.) Mr. Canwell also told plaintiff there was very little objective evidence for the narcotics he was taking. (Tr. 405.) A 2009 MRI of plaintiff's lumbar spine showed no significant change since the 2006 MRI. (Tr. 414-15.) The medical expert, Dr. Francis, testified there is no

pathologic anatomy that accounts for plaintiff's pain complaints. (Tr. 36, 508.) Further, the ALJ reasonably pointed out no treating physician indicated plaintiff cannot work. (Tr. 36.) *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993); *see also Green v. Heckler*, 803 F.2d 528, 531 (9th Cir. 1986). These findings constitute substantial evidence supporting a clear and convincing reason for finding plaintiff less than fully credible.

      Third, the ALJ pointed out inconsistencies between plaintiff's pain complaints and his daily activities. (Tr. 35.) Evidence about daily activities is properly considered in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, a claimant need not be utterly incapacitated in order to be eligible for benefits. *Id.* Many activities are not easily transferable to what may be the more grueling environment of the workplace, where it might not be possible to rest or take medication. *Id.* Yet daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ cited several activities as evidence inconsistent with plaintiff's claimed limitations. Plaintiff testified that on a typical day he takes care of his daughter, helps her with homework, does housework, and fixes dinner. (Tr. 35, 527-58.) He testified he washes dishes by hand, takes out the garbage, sweeps and mops. (Tr. 35, 530.) The ALJ found these activities are inconsistent with plaintiff's allegations that he cannot lift more than 10 pounds, can only walk a short distance and stand for fifteen minutes at a time. (Tr. 35.) The relatively minor chores cited by the ALJ are basic activities which can be done at varying degrees of intensity and pace. The evidence cited by the ALJ is not substantial evidence that plaintiff's daily activities are inconsistent with his claims.

      However, the ALJ's error in failing to properly support this reason with sufficient evidence is harmless error. As long as there is substantial evidence supporting the ALJ's decision and the error does not affect the ultimate nondisability determination, the error is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Batson v. Comm'r Soc. Sec. Admin*, 359 F.3d 1190, 1195-97 (9th Cir. 2004). The ALJ cited other clear and convincing reasons for finding plaintiff less than fully credible which are properly supported by citations to substantial evidence in the record.

Fourth, the ALJ observed inconsistencies between plaintiff's testimony and his behavior at the hearing. (Tr. 35.) In making a credibility evaluation, the ALJ may rely on ordinary techniques of credibility evaluation. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Further, an ALJ may properly consider personal observations of a claimant's presentation of symptoms at a hearing when it is inconsistent with the medical evidence and the claimant's own behavior at the hearing. *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999). The ALJ pointed out that although plaintiff testified he was limited to sitting for 30 minutes at a time (Tr. 532), he sat at the hearing for over an hour and twenty minutes before standing. (Tr. 35.) The ALJ noted plaintiff only stood when he was asked about sitting and after stating he had not taken the "full amount" of pain medication before the hearing. (Tr. 35, 532.) The ALJ contrasted this with plaintiff's earlier testimony which stated that pain medication only takes "the edge off" and concluded he would have expected to observe extreme pain symptoms without the full dosage of medication. (Tr. 35.) The ALJ noted plaintiff may not be consciously attempting to mislead, but inconsistencies suggest plaintiff's reports of the effects of his condition may not be entirely reliable. (Tr. 35.) The ALJ also noted plaintiff testified he believes his pain is caused by all the injuries he incurred in his lifetime, yet plaintiff was able to work with his injuries for many years after they occurred. (Tr. 34, 520-21.) The ALJ concluded this strongly suggests his past injuries would not currently prevent work. (Tr. 34.) The ALJ reasonably considered these inconsistencies in evaluating plaintiff's credibility.

The ALJ cited several clear and convincing reasons supported by substantial evidence which adequately justify the negative credibility finding. As a result, the ALJ did not err.

**2.  Lay Witness**

Plaintiff argues the ALJ erred by failing to credit the testimony of plaintiff's mother, Shirley Lewis. (ECF No. 24 at 18-19.) An ALJ must consider the testimony of lay witnesses in determining whether a claimant is disabled. *Stout v. Commissioner of Social Security*, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness testimony regarding a claimant's symptoms or how an impairment affects ability to work is competent evidence and must be considered by the ALJ. If lay testimony is rejected, the ALJ "'must give reasons that are germane to each witness.'" *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir, 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). The ALJ discussed Ms. Lewis' testimony and written statement. (Tr. 35.)

Ms. Lewis opined plaintiff is very limited and is disabled. (Tr. 359-66, 539, 541.) The ALJ gave several reasons for giving less than full weight to Ms. Lewis' statements.

First, the ALJ rejected Ms. Lewis' testimony because she has a biased or benevolent interest in the outcome of the case and is therefore unlikely to provide information which weakens plaintiff's case. (Tr. 35.) The fact that a lay witness is a family member is not proper grounds for rejecting his or her testimony. *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996); *see Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir.1993); *see also Bruce v. Astrue* 557 F.3d 1113, 1116 (9th Cir. 2009). This is therefore not a proper reason to reject Ms. Lewis' testimony.

However, the ALJ also rejected Ms. Lewis' testimony because the limitations she testified to were generally identical to plaintiff's allegations and were therefore generally inconsistent with the medical record. (Tr. 35.) Inconsistency with medical evidence is a germane reason for rejecting lay witness evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001), *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). As discussed *supra*, a lack of objective evidence and inconsistency with the evidence was reasonably considered by the ALJ. Thus, this is a germane reason for rejecting Ms. Lewis' lay witness opinion.

The ALJ also observed plaintiff testified he can do more than driving than Ms. Lewis reported in her statement. (Tr. 35.) Plaintiff testified he can drive and suggested he drove Ms. Lewis to the hearing, but Ms. Lewis wrote in her written statement that he should not drive due to his medications. (Tr. 35, 362, 522.) This inconsistency also supports the ALJ's conclusion that Ms. Lewis' testimony and statement should be assigned less than full weight. The ALJ cited germane reasons for rejecting Ms. Lewis' statements about plaintiff's limitations and those reasons are supported by the evidence. As a result, the ALJ did not err.

**3.    Medical Source Opinion**

Plaintiff argues the ALJ failed to properly consider the opinion of Keith Franzen, MA, PT. (ECF No. 24 at 14.) Mr. Franzen completed a Functional Capacities Report and opined plaintiff is limited to sedentary physical demands. (Tr. 300-404.) Mr. Franzen noted plaintiff appears to be very deconditioned which limits his tolerance for work. (Tr. 399.) Mr. Franzen also found plaintiff appears to have a high pain focus which also interferes with work tolerance. (Tr. 399.) A conditioning program should help improve his tolerance for daily and work activities.

(Tr. 399.) Mr. Franzen also opined plaintiff "appears able to safely work full-time at Sedentary levels, but would benefit from improved fitness and decreased pain focus." (Tr. 399.)

The ALJ discussed Mr. Franzen's finding and noted Mr. Franzen is not an acceptable medical source under the regulations. (Tr. 36.) The opinion of an acceptable medical source is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). An "acceptable medical source" is a licensed physician or psychologist. "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). Although the opinion of an "other source" is entitled to less weight, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Pursuant to *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993), an ALJ is obligated to give reasons germane to "other source" testimony before discounting it.

Plaintiff asserts the ALJ improperly rejected Mr. Franzen's report for the reason that Mr. Franzen not an acceptable medical source. (ECF No. 24 at 14.) First, the ALJ did not reject Mr. Franzen's opinion because he is not an acceptable medical source. The ALJ appropriately and reasonably noted Mr. Franzen's physical therapist credential, acknowledging his opinion may be accorded less weight than opinion of a physician. (Tr. 36.) Second, the ALJ also pointed out Mr. Franzen mentioned plaintiff's deconditioning as a factor contributing to the limitation to a sedentary work level, which suggests plaintiff's limitations are temporary pending reconditioning. (Tr. 36.) Further, the ALJ pointed out the medical expert, Dr. Francis, reviewed Mr. Franzen's report and did not dispute Mr. Franzen's conclusion that plaintiff is capable of sedentary work, but opined plaintiff is also capable of light work. (Tr. 36, 505-06.) Dr. Francis testified there is not much pathologic anatomy that could contribute to or explain the pain and limitations plaintiff described. (Tr. 36, 508.) Notwithstanding, the ALJ did not reject Mr. Franzen's findings, but instead concluded plaintiff is capable of sedentary to light work. This is consistent with Mr. Franzen's findings and with Dr. Francis' testimony. Thus, the ALJ did not improperly reject Mr. Franzen's findings.

Plaintiff also argues the ALJ inconsistently and "ostensibly elevated PA-C Cantwell [sic] to the status of 'an acceptable medical source' by relying heavily upon his opinions." (ECF No. 24 at 14.) Mr. Canwell, a physician's assistant, saw plaintiff over several office visits. (Tr. 257, 405, 406, 409, 436) and noted plaintiff's spinal MRIs do not suggest any neurologic impingement, concluded plaintiff does not have circumstances justifying disability, and encouraged plaintiff to reach his potential and become employed. (Tr. 436.) The ALJ cited Mr. Canwell once in discussing the medical evidence and did not specifically assign weight to the opinion. Plaintiff asserts the ALJ "relied on one medical provider (Cantwell) [sic] who is not an acceptable medical source while rejecting the other (Franzen)." (ECF No. 24 at 15.) This is incorrect because the ALJ relied upon the opinions of Dr. Francis, Dr. Gaffield (Tr. 130-34), and Dr. Scottolini (Tr. 428), as well as the findings of Mr. Canwell and Mr. Franzen.[1] (Tr. 36-37.) Further, the ALJ reconciled any conflicts in the evidence by concluding plaintiff is capable of sedentary to light work. (Tr. 33.) Lastly, as noted by the ALJ, no treating or examining source concluded plaintiff cannot work. (Tr. 36.) The ALJ's conclusions and explanation for the weight assigned to the medical opinions are supported by substantial evidence. The ALJ did not err in considering the opinions of Mr. Franzen or in weighing the opinion evidence.

**4.     Step Five**

Plaintiff argues the ALJ erred by failing to call a vocational expert at step five. The medical-vocational guidelines may be used in lieu of vocational expert testimony in cases where they accurately describe the claimant's abilities and limitations. *Heckler v. Campbell*, 461 U.S. 458, 462 n.5 (1983). The guidelines consider limitations on the claimant's strength, i.e., "exertional limitations." *Allen v. Secretary of Health and Human Services*, 726 F.2d 1470, 1472 (9th Cir. 1984). If the claimant has a significant non-exertional limitation, such as a mental impairment or the inability to tolerate certain work environments, the ALJ must determine how much the claimant's work capacity is further limited by non-exertional restrictions. *Id.*; 20 C.F.R. pt. 404, subpt. P. app. 2. § 200.00(e)(2).

Plaintiff argues the record reflects he has difficulty with anxiety, concentration, memory and pain and suggests use of the guidelines was inappropriate due to nonexertional limitations.

---

[1]Contrary to plaintiff's argument, if the opinion of any non-acceptable medical source was rejected, it appears that Mr. Canwell's opinion may have been rejected, as he suggested plaintiff is capable of work without limitations. (Tr. 436.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

(ECF No. 24 at 16.) As noted by defendant, this amounts to a challenge of the ALJ's step two finding that anxiety is not a severe impairment and the RFC finding that there are no nonexertional limitations. (ECF No. 26 at 15.)

However, the ALJ discussed plaintiff's anxiety diagnosis and treatment and concluded the record does not support any functional limitations due to anxiety. (Tr. 32.) In fact, the ALJ noted plaintiff reported his anxiety symptoms were controlled with Xanax (Tr. 406, 525) and therefore reasonably concluded plaintiff's anxiety is not a severe impairment. (Tr. 32.) The ALJ also properly rejected plaintiff's and Ms. Lewis' testimony about his limitations, including the assertion that plaintiff's concentration and memory are limited, discussed *supra*. (Tr. 34-35.) Lastly, although Dr. Francis acknowledged plaintiff's pain complaints (Tr. 504), he identified no additional limitations due to pain other than those included in the RFC as exertional limitations. (Tr. 505-06.) As a result, the ALJ's findings are reasonable and are supported by substantial evidence. Since the ALJ reasonably concluded there are no nonexertional limitations, use of the medical-vocational guidelines was appropriate in this case and the testimony of a vocational expert was not necessary.

Plaintiff also asserts evidence of nonexertional limitations indicates the ALJ erred by failing to call an expert in psychiatry. (ECF No. 24 at 16 n. 4.) In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983). The regulations provide that the ALJ may attempt to obtain additional evidence when the evidence as a whole is insufficient to make a disability determination, or if after weighing the evidence the ALJ cannot make a disability determination. 20 C.F.R. § 404.1527(c)(3); *see also* 20 C.F.R. 404.1519a. Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir.1998).

The record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the evidence. *See Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001). An ALJ has broad latitude in ordering a consultative examination. *Reed v. Massanari,* 270 F.3d 838, 842 (9th Cir. 2001). The government is not required to bear the expense of an examination for every

claimant. *See* 20 C.F.R. § 404.1517. In this case, plaintiff has not identified any ambiguity or inadequacy in the record requiring an additional consultative examination, nor did plaintiff identify any error by the ALJ in assessing the psychological evidence. As a result, the ALJ did not err by failing to develop the record.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

**IT IS ORDERED:**

1.  Defendant's Motion for Summary Judgment **(ECF No. 26)** is **GRANTED.**

2.  Plaintiff's Motion for Summary Judgment **(ECF No. 23)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED January 14, 2013

     S/ JAMES P. HUTTON  
     UNITED STATES MAGISTRATE JUDGE